April Term, 1880.

CASE No. 920.

NORTON v. LIVINGSTON.

1. A general exception to the whole of a judge's charge to the jury is not a compliance with the law; the points of law wherein error is charged should be separately and distinctly stated.
2. Where the question is, whether personal property levied upon belonged to the husband or the wife, it is not error to leave to the jury the weight to be attached to the marks upon the goods when received by railroad as evidence of ownership.
3. If the judge submits to the jury a question which he should himself decide, his attention should be directed at the time to his error.

———

Before PRESSLEY, J., Orangeburg, January, 1880.

The case is stated in the opinion of the court.

*Messrs. DeTreville & Izlar,* for appellant.

*Mr. Samuel Dibble,* contra.

September 6th, 1880.   The opinion of the court was delivered by

McGOWAN, A. J.   On August 26th, 1879, John H. Livingston, as sheriff of Orangeburg county, under executions in his hands as sheriff, against A. C. Norton, levied upon and sold "one cotton gin and steam engine" as the property of the defendant in execution.  The plaintiff, Mary D. Norton, wife of the judgment debtor, A. C. Norton, claimed that the property levied upon and sold did not belong to her husband but to her, and brought this action against the defendant, sheriff, to recover its value.  The cause was referred to a jury.  The only question in the case was whether the property levied by the sheriff, under executions against the husband, was the property of the husband

M

or wife. The jury rendered a verdict for the plaintiff for $1000. The defendant moved for a new trial, which was granted *nisi*, unless the plaintiff would enter a *remittitur* of the verdict over and above the sum of $720. The plaintiff accepted the order and remitted the verdict in excess of $720, and for that sum entered judgment. The defendant appeals to this court. It does not appear that there was any request made to the judge to charge any particular point of law, or that any exceptions were made at the trial. Within ten days after the rising of the court the defendant gave notice of appeal to this court, but served no copy of exceptions other than the notice of appeal, which is as follows:

"The undersigned excepts to the judgment in this case, entered on January 29th, 1880, and to the charge of his Honor, B. C. Pressley, and appeals to the Supreme Court of South Carolina."

The plaintiff makes no objection to the appeal, but we deem it proper to state, for the information of the bar, that we do not consider this appeal a compliance with the law. The act of 1878, (16 *Stat.* 698), requires that when exceptions to the rulings of the presiding judge are not taken and noted at the trial they may be taken "within ten days after the rising of the court by furnishing a copy of such exceptions."

In this case no exceptions were taken at the trial, and it appears that no copy of exceptions has been furnished in the case, except the general statement that the defendant "excepts to the charge of the judge," but without stating in what particulars. We understand an "exception" to be an objection stated "to a decision on matter of law arising upon the trial." The points of law wherein error is charged should be specifically stated in exceptions, otherwise the court has no guide as to the points contested. It is not a compliance with the first section of the act of 1878 to except in general terms to the judge's charge as a whole. This court is excluded from considering the sufficiency or insufficiency of evidence, or any other question except errors of law; and it is indispensable to the satisfactory discharge of their duty that these questions, submitted for their consideration, should be separately and distinctly stated.

There being, in this case, no such exceptions specifically alleging errors of law, this appeal, without further consideration, might be dismissed; but we gather from the printed arguments of the counsel, which are, however, no part of the case, that the principal objection to the charge is the allegation that the judge submitted to the jury, as a matter of fact, a question which should have been decided by him as matter of law. Appellant's attorney, in his argument, says that his Honor, the presiding judge, on the question of ownership of A. C. Norton, charged the jury "that all the machinery was shipped and marked, and, also, entered on the railroad bill in the name of her husband; that the gin had cards with his name attached, and the engine was marked in his name. *You must say what the effect of such marking is.* Are goods so invariably shipped in the name of the owner as that it is the invariable proof of ownership? If goods are marked in that way simply to show who they are to go to, and it is not regarded as proof of ownership, then you will not so regard it."

Counsel insist that it was wrong to leave to the jury "the effect" of such marking; but that it was a question of law for the court. The question in issue—whether the husband or the wife owned the property—was certainly one of fact. Upon this question, one of the items of proof was the way in which the property came marked. What weight such proof was entitled to in the minds of the jury must depend upon another question of fact, whether goods are so invariably shipped in the name of the owner as that it is the conclusive proof of ownership. The judge had no right to decide that question of fact, and, properly, left the whole question as to the weight of the testimony to the jury.

The difficulty seems to arise from the use of the word "effect." It is manifest from the issue involved, and the whole context, that the judge intended to charge the jury in something like these words: "You must say what weight such marking should have as evidence upon the question of the ownership of the property." So considered, he was right. He could not say, as matter of law, what weight it was entitled to. Besides, if the appellant considered it error to leave that question to the jury,

he should have so informed the judge at the trial. We can see no error.

The judgment below is affirmed and the appeal dismissed.

WILLARD, C. J., and McIVER, A. J., concurred.